JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 12-1142 JVS (OPx) | Date | July 17, 2012 |
| Title | Federal National Mortgage Association v. A.L. Brewer and Su-Chih Brewer | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers)**
**Order Remanding Action to the Superior Court of the**
**State of California for the County of San Bernardino**

Defendants A.L. Brewer and Su-Chih Brewer ("Defendants") removed this action from Superior Court of the State of California for the County of San Bernardino. (Notice of Removal, Docket No. 1.) Defendants assert that this Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. sections 1441 and 1443, and 42 U.S.C. sections 1981, 1983, and 1985. (Id.) The Court finds that it does not have jurisdiction over this case and thus remands it to the Superior Court of the State of California for the County of San Bernardino.

I.    Discussion

   Federal Question Jurisdiction

   The Court must determine jurisdiction on the basis of the case removed. The underlying action is an unlawful detainer action. No federal claims are asserted. 28 U.S.C. § 1331. Federal defenses or federal counterclaims provide no basis to remove an action which does not otherwise establish federal jurisdiction. See Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust, 643 U.S. 1, 10 (1983); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998). There is no basis for federal question jurisdiction.

   Diversity Jurisdiction

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    EDCV 12-1142 JVS (OPx)                           Date    July 17, 2012

Title    Federal National Mortgage Association v. A.L. Brewer and Su-Chih Brewer

There is no basis for diversity jurisdiction. Defendants live Upland, California, and are a California residents. (Notice of Removal, ¶ 3, Docket No. 1.) As California residents, Defendants are unable to remove this case to federal court pursuant to 28 U.S.C. section 1441(2). See 28 U.S.C. § 1441(2) (stating that a civil action removable solely on the basis of diversity jurisdiction cannot be removed if the defendant is a citizen of the State in which such action is brought). In any event, it is apparent that the amount of relief sought is less than the jurisdictional minimum of $75,000. The face of the Complaint states that the amount of claimed damages is less than $10,000. There is no basis for diversity jurisdiction.

Jurisdiction Pursuant to 28 U.S.C. § 1443

Section 1443(1) permits a defendant in state cases to remove the proceedings to the federal district courts when a defendant is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens in the United States. In order to successfully remove, the defendant must satisfy a two-prong test: 1) the rights allegedly denied must arise under a federal law providing for specific civil rights stated in terms of racial equality; and 2) the defendant must be denied or unable to enforce the rights in state courts. Johnson v. Mississippi, 421 U.S. 213, 219 (1975); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 827-28 (1966); Georgia v. Rachel, 384 U.S. 780, 792 (1966).

Under the first prong, constitutional or statutory provisions of general applicability or under statuses not protecting against racial discrimination will not suffice. Johnson, 421 U.S. at 219. Under the second prong, defendant's federal rights are left to the state courts except in rare situations where it can be clearly predicted that those rights will inevitably be denied by the very act of bringing the defendant to trial in state court. Peacock, 384 U.S. at 828.

Defendants first claim that they are being deprived of their rights to procedural due process, the Equal Protection Clause of the 14th Amendment, and the Petition Clause of the First Amendment. (Notice of Removal, ¶ 7, Docket No. 1.) Defendants also allege violations of 42 U.S.C. section 1983. (Id. at ¶ 8.) The Supreme Court has held that broad First or Fourteenth Amendment claims, and claims arising under section 1983, do not

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 12-1142 JVS (OPx) | Date | July 17, 2012 |
| Title | Federal National Mortgage Association v. A.L. Brewer and Su-Chih Brewer | | |

satisfy the first prong of the test. See Rachel, 384 U.S. at 792. Thus Defendant's claims under these clauses and statutes fail the first prong of the analysis.

Defendants also claim a violation of 42 U.S.C. section 1985. Section 1985 is a "statutory provision[] of general applicability" that does not protect against racial discrimination; thus, this claim fails on the first prong. See 42 U.S.C. § 1985; Johnson, 421 U.S. at 219.

Defendants finally claim a violation of 42 U.S.C. section 1981. While a violation of section 1981 satisfies the first prong of the test, Defendants cannot satisfy the second. See 42 U.S.C. § 1981; Johnson, 421 U.S. at 219. Defendants cannot demonstrate or clearly predict that their rights will be denied in state court. Peacock, 384 U.S. at 828.

Defendants cannot meet the requirements of the two-prong test for any of their claims. Thus, this Court does not have jurisdiction pursuant to section 1443.

Protective Jurisdiction

Defendants assert that protective jurisdiction justifies the exercise of federal question jurisdiction for cases removed pursuant to 28 U.S.C. section 1443. (Notice of Removal, ¶ 15, Docket No. 1.) The Supreme Court has not yet ruled on the validity of protective jurisdiction. 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3565 (3d ed. 2012). Protective jurisdiction is a largely academic pursuit and lower courts have avoided applying protective jurisdiction. Id. This Court also declines to apply protective jurisdiction.

Complete Preemption Doctrine

A state claim may be removed to federal court in two circumstances-when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete preemption. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). Under this doctrine, a plaintiff's state cause of action may be recast as a federal claim for relief, making its removal by the defendant proper on the basis of federal question jurisdiction. 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3722.1 (4th ed. 2012). The Emergency Economic Stabilization

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | EDCV 12-1142 JVS (OPx) | Date | July 17, 2012 |
| Title | Federal National Mortgage Association v. A.L. Brewer and Su-Chih Brewer | | |

Act is not recognized as an area of complete preemption. BDA Investment Properties LLC v. Asosa, No. CV 11–03684 GAF (RZx), 2011 WL 1810634, at *2 (C.D. Cal. May 12, 2011). Accordingly, removal notice may not be predicated upon the principle of the complete preemption doctrine.

II.   Conclusion

     For the foregoing reasons, this Court does not have subject matter jurisdiction over the case and remands it to Superior Court of the State of California for the County of San Bernardino.

     IT IS SO ORDERED.

Initials of Preparer     kjt